IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DELTON LEE HENDRIX, 1372186,<br>    Petitioner, | )<br>)<br>) |
| v. | )     No. 3:08-CV-972-K |
| | ) |
| RICK THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>    Respondent. | )<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

On March 31, 2006, Petitioner was convicted of aggravated assault with a deadly weapon. *State of Texas v. Delton Lee Hendrix*, No. F-0449717-UQ (204th Jud. Dist. Ct., Dallas County, Tex., Mar. 3, 2006).[1] Petitioner was sentenced to thirty-five years confinement.

On July 24, 2007, the Fifth District Court of Appeals affirmed the conviction and sentence. Hendrix v. State, No. 05-06-00553-CR. On December 5, 2007, the Court of Criminal Appeals denied Petitioner's petition for discretionary review ("PDR"). *Hendrix v. State*, No. 1416-07. Petitioner did not file a state petition for writ of habeas corpus.

---

[1]In the same proceeding, Petitioner was convicted of aggravated robbery and sentenced to eighty years confinement. *State of Texas v. Delton Lee Hendrix*, No. F0449716-HQ (204th Jud. Dist. Ct., Dallas County, Tex., Mar. 3, 2006).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**     Page -1-

On September 20, 2007, Petitioner filed this federal petition. He argues:

(1) the complaining witness gave false testimony regarding the number of times Petitioner shot at him and the number and location of his gunshot wounds;

(2) the complaining witness' injuries should have been substantiated by medical testimony;

(3) the complaining witness lied when he said he did not pull a gun on Petitioner; and

(4) the state tampered with evidence by editing the store surveillance video so that it did not show the complaining witness brandishing a gun at Petitioner, thus undermining Petitioner's self-defense claim.

## II. Factual Background

The following factual background is taken from the opinion of the Fifth District Court of Appeals.

> . . . . Kebede Gemta testified that he was working alone at the 7-Eleven convenience store at Kingsley and Plano roads. While Gemta was waiting on one customer, a man came in the store and asked for a gasoline can. The man, who seemed to be in a hurry, did not wait his turn and paid for the gasoline can and gasoline. Twenty or thirty minutes later, the man returned to the store and said, "I need my money. Give me my money." Gemta told the man he could not refund the money for the gasoline can because it had been used. He tried to be polite to the man to avoid an argument or confrontation. The man moved next to the cooler in front of Gemta and pulled a gun. Gemta was terrified and begged the man not to kill him. When Gemta reached for the telephone, the man fired a shot, striking him in the left arm. Gemta fell to the ground.
>
> Gemta was unable to identify the man who shot him, but a surveillance videotape recorded the incident and was admitted into evidence. Hendrix "concedes that the [j]ury could have identified [him] as the man who shot him" from that videotape.
>
> Detective Contreras questioned Hendrix about the offense. Hendrix gave a written statement, which was admitted at trial. In the statement, Hendrix said he went to the 7-Eleven and "told the guy I ran out of gas and gave him $5. He told me to bring the gas can back, that they never bring the gas cans back. He goes 'Never mind. I'll call the police.' I saw him reach for something, I pulled the gun out on him and it just fired.

That's it. I left."

At trial, Hendrix told the jury that he could not "understand what [Gemta] said, but he said, 'All right. They never bring the gas cans back. Go ahead.' And I thought this dude's weird. I couldn't understand what he was saying." Hendrix promised to wash it out and bring it right back. When he was getting gas, the pump automatically stopped at $1. Hendrix had given Gemta $5 and hoped "he's not gonna wig out on me" expecting to have gotten more gasoline. Hendrix put the gas in the car, but it was not enough to "crank it up." Hendrix returned to the 7-Eleven and told Gemta, "I can't crank my car on this dollar." Gempta replied that he charged Hendrix for the gas can. Hendrix said he "couldn't understand" Gempta because Gempta was "foreign." Gemta said he was going to call the police and was already on the phone when Hendrix saw him "put his hands under the counter." Hendrix testified he moved toward the door and heard the police sirens but noticed Gempta seemed to be waiting for him to open the door. Hendrix thought Gemta had a gun and intended to shoot him in the back as he left so Hendrix "pointed it at him, fired and hit him." Hendrix testified he pulled the gun out of his pocket with his finger on the trigger, and the gun went off. When asked if he intended to fire the gun, Hendrix responded: "I was not intending to shoot this person. If he pulled a gun on me, I was gonna try to keep him from shooting me first." Hendrix left the store.

*Hendrix v. State*, No. 05-06-00552-CR, No. OR 53, slip op. at 3-5.

### III. Discussion

### 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the

writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

2. **Procedural Bar**

Respondent argues Petitioner's claims should be denied because they are procedurally barred.

The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The records reflects that Petitioner did not raise his current claims on direct review to the Texas Fifth District Court of Appeals. In his petition for discretionary review, he raised only the claim that the state altered the 7-Eleven video-tape. The exhaustion requirement, however, is not satisfied if claims are raised in a petition for discretionary review that were not first raised on direct appeal to an intermediate appellate court. *Myers v. Collins*, 919 F.2d 1074, 1077 (5th Cir. 1990). Therefore, because he did not raise his claim alleging an altered video-tape to the Fifth District Court of Appeals, the Court of Criminal Appeals had no opportunity to consider this claim in Petitioner's petition for discretionary review.

Accordingly, the Court of Criminal Appeals has not had the opportunity to review any of the claims contained in Petitioner's federal petition. The claims cannot be reviewed by a state court because it is too late to file a petition for discretionary review. Additionally, the claims cannot be raised in a state habeas petition because they are record claims that should have been presented on direct appeal. *See Ex parte Gardener*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998) (stating that state habeas proceedings should not be used to litigate claims that should have been raised on direct appeal); *Alba v. Thaler*, 346 Fed. Appx. 994, 996 (5th Cir. 2009) (applying *Ex parte Gardner* to find claims brought in state habeas were procedurally barred for not raising them on direct appeal). If this Court were to require Petitioner to return to state court to exhaust these claim, they would be subject to dismissal. Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown cause for his failure to present his claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations

with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id*. (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's claims.

**3**.     **Merits**

In addition to being procedurally barred, Petitioner's claims fail on the merits. He argues the complainant committed perjury when he testified to the number and location of his gunshot wounds, and when he testified that he did not pull a gun on Petitioner.

The Supreme Court has held that the presentation of false evidence at trial, that is not corrected, violates a criminal defendant's due process rights if the reliability of a given witness may be determinative of guilt or innocence. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). In this case, however, Petitioner has offered no evidence to substantiate his claims of perjury. His claims are conclusory and should be denied. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (stating a petitioner is not entitled to relief on the basis of a conclusory allegation).

Petitioner also argues the state should have called a medical expert to substantiate the complainant's gunshot injuries. Petitioner, however, has failed to show that medical expert testimony was necessary to establish the elements of aggravated assault, or that the gun was a deadly weapon. This claim is frivolous and should be denied.

Finally, Petitioner argues the state tampered with the 7-Eleven video-tape of the crime. He argues the state edited the video-tape to delete the part where the complainant allegedly

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -6-

pulled a gun on Petitioner.

Under *Brady v. Maryland*, 373 U.S. 83 (1963), the suppression of evidence favorable to the accused and material to either guilt or punishment violates a defendant's due process rights. Under *Brady*, the prosecution has the duty to turn over to the defense exculpatory evidence, whether or not it is requested by the defense. *United States v. Bagley*, 473 U.S. 667 (1985). In this case, however, Petitioner has offered only conclusory allegations that the video-tape was altered. Conclusory allegations are insufficient to support habeas relief. *Miller*, 200 F.3d at 282.

**4. Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 30th day of August, 2010.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).